Henry HURST, Appellant,

v.

STATE of Missouri, Respondent.

No. 74559.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 29, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 3, 1999.

Application for Transfer Denied
Sept. 21, 1999.

———

S. Paige Canfield, Asst. Public Defender,
St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Hawley, Assistant Attorney General, Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Henry Hurst appeals conviction and sentence for assault in the first degree, section 565.050 RSMo 1994. The court sentenced Hurst as a prior and persistent offender. He contends the trial judge erred: (1) when he abused his discretion by failing to recuse himself at the sentencing; and, (2) when he overruled *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) objections to six peremptory challenges to the venirepersons.

■ The claim of error for failure to recuse is wholly without merit. Nothing occurred before or during the trial, and prior to the verdict, which demonstrated any bias or prejudice by the trial judge. To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the trial judge learned from his participation in the case. *Haynes v. State*, 937 S.W.2d 199, 204 (Mo. banc 1996). Hurst did not allege and does not argue that there was any prejudgment of some evidentiary issue. Moreover, the judge's extensive comments were nothing more than comments on the pre-sentence report and his recollection of the evidence with reference to the imposition of sentence and an explanation of his considerations for his sentence of thirty years. Point denied.

Hurst's second point argues the court erred in overruling his *Batson* challenges with reference to the state's peremptory strikes of six venirepersons. We conclude the trial court properly applied the analysis during the evidentiary hearing as required by *State v. Parker*, 836 S.W.2d 930, 940 (Mo. banc.1992), *cert. denied*, 506 U.S. 1014, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992). The state did articulate clear and specific, non-discriminatory explanations for its strikes. No error of law appears. A detailed analysis of this point would

have no precedential value. Point denied. Rule 84.16(b).

We affirm.

ROBERT G. DOWD, Jr., C.J. and LAWRENCE E. MOONEY, J. concur.